

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2013

# USA v. Arthur D'Amario, III

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-3763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"USA v. Arthur D'Amario, III" (2013). *2013 Decisions.* Paper 1225.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/1225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-105                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3763
_____

UNITED STATES OF AMERICA

v.

ARTHUR D'AMARIO,
                              Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-06-cr-00112-001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 31, 2013

Before:  RENDELL, JORDAN and GARTH, Circuit Judges

(Opinion filed: February 13, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

Arthur D'Amario appeals the District Court's order denying his motion to transfer his

supervision to the District of Rhode Island.  For the reasons below, we will affirm the

District Court's order.

D'Amario is serving three years of supervised release after completing a sentence of 84 months in prison for threatening a federal judge. See United States v. D'Amario, 330 F. App'x 409 (3d Cir. 2009). In September 2012, he filed a counseled motion pursuant to 18 U.S.C. § 3605 seeking to have his supervision transferred to the District of Rhode Island. The District Court denied the motion, and D'Amario filed a pro se notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Section 3605 provides that a District Court may transfer jurisdiction over a defendant on supervised release to any other district with the concurrence of the receiving district. D'Amario has not shown that the District Court for the District of Rhode Island has concurred in the transfer. Because the District of Rhode Island has not concurred, the District Court did not err in denying D'Amario's motion.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. D'Amario's motion for summary action is denied.

2